IN THE UNITED STATES COAST GUARD
COURT OF CRIMINAL APPEALS

Bryan J. SULLIVAN
Storekeeper Third Class (E-4)
U.S. Coast Guard,
     Petitioner

v.

Karl L. SCHULTZ
Vice Admiral (O-9)
U.S. Coast Guard
Commander, Atlantic Area,

Edward NEWBY
Captain (O-6)
U.S. Navy
Commanding Officer,
Navy Consolidated Brig Chesapeake,

     Respondents

21 NOVEMBER 2016

PETITION FOR EXTRAORDINARY
RELIEF IN THE NATURE OF A WRIT
OF HABEAS CORPUS FILED 01
NOVEMBER 2016

MISC. DOCKET NO. 001-17

<u>ORDER – PANEL THIRTY-FIVE</u>

Petitioner was convicted of various offenses at court-martial, and was sentenced to confinement for seven years, reduction to E-1, forfeiture of all pay and allowances, and a dishonorable discharge. Approximately one month following the trial, the military judge declared a mistrial, on 29 September 2016. On 30 September 2016, the Government filed a notice of intent to appeal under Article 62, UCMJ.

On 1 November 2016, Petitioner filed the instant Petition.

On 14 November 2016, the Government filed the original record of trial with the Clerk of this Court. On the same date, the Government filed its Appeal under Article 62 with supporting brief, as well as its Response to the writ petition. On 17 November 2016, this Court accepted the appeal under Article 62 and docketed it with docket number 01-62-17.

On 21 November 2016, Petitioner filed a Reply.

Rule for Courts-Martial 908(b)(4) provides that the Government's notice of intent to appeal automatically stays the ruling that is the subject of the appeal, in this case the declaration of mistrial, pending disposition of the appeal. Given that the Government has perfected its appeal, we see no basis to conclude that Petitioner is entitled to relief.

It is, by the Court, this 21st day of November, 2016,

ORDERED:

That the Petition for Extraordinary Relief is dismissed.


Bruce, J. (dissenting):


I would reject the Government appeal because the Government did not comply with Rule 21 of the Courts of Criminal Appeals Rules of Practice and Procedure, as well as on the merits. The trial judge's order declaring a mistrial should take immediate effect and the writ should be granted.



For the Court,


Sarah P. Valdes
Clerk of the Court


Copy:  Office of Military Justice
       Appellate Government Counsel
       Appellate Defense Counsel